GARY L. RAINSDON
BANKRUPTCY TRUSTEE
P.O. BOX 506
TWIN FALLS, ID 83303
PHONE: (208) 734-1180
FAX: (208) 734-2783
trustee@filertel.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Daniel Reid Scott and | ) | Chapter 13 |
| Warlita Calamasa Scott, | ) | |
| | ) | Case No. 19-41162-JMM |
| Debtors. | ) | |

### APPLICATION FOR PAYMENT OF ADMINISTRATIVE FEES
### AND COSTS OF CHAPTER 7 TRUSTEE

---

**NOTICE OF APPLICATION FOR PAYMENT OF ADMINISTRATIVE FEES AND COSTS OF CHAPTER TRUSTEE, AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **21** days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

---

COMES NOW, Gary L. Rainsdon, Chapter 7 Trustee, and applies to this Court for an order authorizing payment of fees and expenses pursuant to 11 U.S.C. §§348(c) and 503(b), and Federal Bankruptcy Rule 2012. In support of this application, Trustee states the following:

1

1. Debtors, Daniel Reid Scott and Warlita Calamasa Scott, filed for Chapter 7 bankruptcy on December 12, 2019, and Trustee was appointed to administer the estate.

2. As part of his duties, Trustee identified nonexempt value in Debtors' home, and pursued sale of the home. Trustee believes the home is worth $140,000 to $150,000, based on the opinion of the broker Trustee was seeking to employ to sell the home. Trustee believes the sale of the home, after applicable exemption and estimated cost to sell, would provide at least $28,800 to the estate ($40,000.00 – $11,200.00 estimated 8% cost of sale).

3. Trustee would be eligible to receive a statutory fee of $4,750.00 on the $40,000.00 nonexempt proceeds from the sale of the home ($5,000.00 X 25% = $1,250.00, plus $35,000.00 X 10% = $3,500.00). See 11 U.S.C. §§326(a) and 330(a). Also see *In re Mazon*, Bankruptcy Case No. 05-42215 (Bankr. D. Idaho Oct. 30, 2006); and *In re Bartlett,* 590 B.R. 175 (Bkrtcy. D. Mass., 2018).

4. Prior to receiving an acceptable offer for sale of the home, Debtors filed a Motion to Convert to Chapter 13, filed April 14, 2020. See Docket No. 24.

5. On April 22, 2020, Trustee filed an Objection to Debtors' Motion to Convert to Chapter 13. See Docket No. 25.

6. On May 15, 2020, Trustee withdrew his Objection to Debtors' Motion to Convert to Chapter 13, and Trustee and Debtors stipulated to allowance of reasonable trustee fees as approved by this Court. See Docket No. 26.

7. The case was converted to Chapter 13 on June 3, 2020. See Docket No. 27.

8. Even though Trustee believes he is eligible to receive the statutory fee of up to $4,750.00, Trustee requests this Court authorize trustee fees and expenses in the voluntarily reduced amount of $2,500.00, which Trustee believes is reasonable based on the time and effort he and his trained staff spent administering the case prior to the Motion to Convert. Trustee does not keep contemporaneous time records for Chapter 7 cases, but estimates based on his file notes and records that he and his staff spent no less than 16 hours in case administration.

WHEREFORE, based on the valuable service having been provided, the Chapter 7 Trustee respectfully requests this Court authorize payment of compensation for administration of the Chapter 7 proceedings in the amount of $2,500.00.

Dated June 4, 2020.

/s/
Gary L. Rainsdon, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- John O Avery    ch@averylaw.net;twinfalls@averylaw.net;ryan@averylaw.net;averybklaw@gmail.com;boise@averylaw.net;pocatello@averylaw.net;lawar78055@notify.bestcase.com
- Kathleen A. McCallister    kam@kam13trustee.com, kmccallister13@ecf.epiqsystems.com
- Holly E Sutherland    holly@averylaw.net, averybklaw@gmail.com;boise@averylaw.net;twinfalls@averylaw.net;lawar78055@notify.bestcase.com
- US Trustee    ustp.region18.bs.ecf@usdoj.gov

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non- CM/ECF Registered Participants in the manner indicated:
Via First Class mail, postage prepaid addressed as follows:

Daniel and Warlita Scott
140 East 420 North
Shoshone, ID  83352

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

Additionally, a copy of the foregoing was served on the below identified parties, from the mailing matrix obtained by the court website, by first class mail, postage prepaid:

None

Via certified mail, return receipt requested, addressed as follows:

None

/s/
Gary L. Rainsdon, Chapter 7 Trustee

4